**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**ADAM BENNEFIELD,**

                         **Plaintiff,**

             **v.**                                        **9:13-CV-991
                                                              (FJS/RFT)**

**HAROLD GRAHAM, Superintendent, Auburn
Correctional Facility; JOHN/JANE DOE HARVEY,
DSS; JOHN DOE HARVEY, C.O.; JOHN DOE
KOOI, Doctor, Auburn Correctional Facility;
E. (JANE DOE) O'MERA, Deputy Superintendent
of Programs, Auburn Correctional Facility; JOHN
DOE QUINN, Captain, Auburn Correctional Facility;
JOHN DOE, Investigating Sgt., Captain, Auburn
Correctional Facility; JOHN/JANE DOE 1,
Deputy Commissioner Chief Medical Officer in
Albany; JOHN/JANE DOES, All Watch
Commanders, Auburn Correctional Facility;
JOHN DOE OLEKSIW, Lieutenant, Auburn
Correctional Facility; JOHN/JANE DOE PALMER/
PERMITTER, Supervisor of IGP, Auburn
Correctional Facility; JOHN/JANE DOE FISCHER,
Commissioner of DOCCS; KAREM BELLAMY,
DOCCS IGP Albany; JOHN/JANE DOES, Department
of Corrections Inmate Grievance program; JOHN/JANE
DOE, Inmate Records Coordinator, Auburn
Correctional Facility; JOHN/JANE DOE, Nurse
Administrator, Auburn Correctional Facility;
J. GUZEWIG, Medical Staff Member, Auburn
Correctional Facility; JOHN/JANE DOE
RICHARDS, Deputy Superintendent of Security,
Auburn Correctional Facility; JOHN/JANE
DOE RICHARDS, Corrections Officer, Auburn
Correctional Facility; and JOHN/JANE DOES,
Medical Records Coordinator, Auburn
Correctional Facility,**

                         **Defendants.**

---

**APPEARANCES**

**ADAM BENNEFIELD**
**00-B-2792**
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14092
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Adam Bennefield commenced this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed *in forma pauperis* ("IFP Application"). *See* Dkt. No. 1 ("Complaint"); Dkt. No. 5 ("IFP Application"). By Memorandum-Decision and Order filed on March 4, 2014, the Court granted Plaintiff's IFP Application but found that Plaintiff's claims were barred by the three-year statute of limitations applicable to claims under § 1983 and therefore were subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. *See* Dkt. No. 9 (the "March Order"). In light of Plaintiff's *pro se* status, the Court afforded him an opportunity to submit an amended complaint with facts demonstrating why his claims were timely, or if untimely, why the Court should toll the applicable limitations period. *See id*. at 9.

Currently before the Court is Plaintiff's amended complaint. *See* Dkt. No. 11 ("Amended Complaint"). For the reasons set forth below, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.

## II. DISCUSSION

**A.     Legal standard**

The Court discussed the legal standard governing the dismissal of a complaint for untimeliness pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A at length in its March Order and will not restate that analysis here. *See* March Order at 7-9.  Rather, the Court will consider the doctrine of equitable tolling. "[E]quitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *JCG v. Ercole*, No. 11 Civ. 6844, 2014 WL 1630815, *24 n.33 (S.D.N.Y. Apr. 24, 2014) (quoting *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231 32 (2014)).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted).  "A court may find that a statute of limitations was equitably tolled as a 'matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights.'" *Joe v. Moe*, No. 10 Civ. 4417, 2011 WL 2416882, *4 (S.D.N.Y. June 1, 2011) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 85 (2d Cir. 2002) (citing *Miller v. Int'l Tel & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985))).  "[E]ven in *pro se* cases, '[e]quitable tolling is a rare remedy to be applied in unusual circumstances . . . .'" *Id.* (quoting *Wallace*, 549 U.S. at 396).  The fact that a litigant is an inmate is not, in and of itself, grounds for tolling.  The court must find that the plaintiff acted reasonably diligently throughout the period that he seeks to toll.  *See DeJesus v. Doe*, No. 9:04-CV-1038, 2006 WL 2792740, *4 (N.D.N.Y. Sept. 26, 2006) (citation omitted).

Courts have applied equitable tolling "where a plaintiff's . . . mental impairment prevented h[im] from proceeding in a timely fashion . . . ." *Zerilli Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (citations omitted).  For a mental impairment to justify equitable tolling, the party

-3-

invoking the doctrine must show that "'he was so incapable of rational thought that he could not appreciate his situation, or lacked the wherewithal to ascertain that he must take legal steps.'" *Muhammad v. Rabinowitz,* No. 11 Civ. 2428, 2012 WL 1155098, *3, n.3 (S.D.N.Y. Apr. 6, 2012) (quoting *Rios v. Mazzuca*, 78 F. App'x 742 (2d Cir. 2003)). Mental illness alone is insufficient absent a "'demonstrated inability to function.'" *Smith v. City of New York*, No. 12 Civ. 8131, 2014 WL 2575778, *2 (S.D.N.Y. June 9, 2014) (quotation and other citation omitted). Moreover, the fact that a plaintiff is proceeding *pro se* and is not well versed in legal research is "not an extraordinary circumstance meriting tolling." *Giles v. Smith*, No. 10 Civ. 5322, 2010 WL 4159468, *3 (S.D.N.Y. Oct. 8, 2010) (citation omitted). Transfers, inadequate law library facilities, lockdowns or restricted library access do not constitute extraordinary circumstances to justify the tolling of a statutory period of limitations. *See Martinez v. Kuhlmann,* No. 99 Civ. 1094, 1999 WL 1565177, *5 (S.D.N.Y. Dec. 3, 1999) (collecting cases). Although confiscation of legal papers may serve to toll the statutory period, the plaintiff must establish that the confiscation occurred "shortly before the deadline" and that the papers were "necessary to develop legal claims." *Id*.

**B.     Review of the amended complaint**

Taking into account Plaintiff's *pro se* status, the Court construes the allegations in his amended complaint with the utmost leniency. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a *pro se* litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers"). The amended complaint does not seek to add any defendants. The factual allegations and time frame relating to Plaintiff's confinement at Auburn Correctional Facility ("Auburn C.F.") and issues with his medical permit and glasses are consistent with the allegations in the original complaint and will not be repeated herein. Plaintiff asserts that, "[o]n or about August 13, 14, 15 and 16, I was

still being harassed by C.O. Harvey, the effects of his action were continuing until I was transferred out of the facility, there were a series of acts, that even deprived me of and amounted to interference in medical treatment . . ." *See* Amended Complaint at 15.

Plaintiff alleges that he was transferred to Attica Correctional Facility ("Attica C.F.") "on or about August 16, 2010." *See id.* Plaintiff's amended complaint includes a section entitled "Tolling of Time Limitations" that contains allegations relating to incidents that happened at Attica C.F. rendering Plaintiff unable to comply with the statutory deadline. In paragraphs 67, 68 and 69, Plaintiff asserts that, during his incarceration at Attica C.F., he was in the Mental Health Unit for "various periods of time" and thus was not "lucid" or able to do legal work. Plaintiff also asserts that, when he was transferred from Auburn C.F. to Attica C.F., he was not in possession of his legal work for "a period of time" or "a few days" because he was only permitted "to move with 4 bags and not his legal bag." Plaintiff claims that he was forced to leave his legal work bag with other inmates and that, as result of "discipline," he was without his bag "for days." In addition, Plaintiff claims that, for the three years he was in Attica C.F., there were "various periods of time," "at least fourteen (14) days to twenty-one (21) days" when the facility was partially shut down and the inmates were not allowed to go to the law library. Plaintiff also had "problems" with the law library officer who interfered with his access to the law library and stole money from his account thereby "hindering [his] ability to do legal work to meet the statute." For these reasons, Plaintiff argues that the Court should toll the applicable statute of limitations.

As the Court previously discussed, Plaintiff's claims in this action accrued, at the latest, in July 2010. *See* Dkt. No. 9 at 8. In paragraph 39 of his amended complaint, Plaintiff references an appeal dated March 22, 2010, and alleges that his problems with Defendants were "ongoing and continuing problems." *See id*. at 9. However, as the Court discussed in its prior Memorandum-Decision and

-5-

Order, Plaintiff cannot benefit from the continuing violation doctrine; Plaintiff must assert that actions occurred within the statute of limitations period. Plaintiff has not alleged any such actions. Moreover, the arguments Plaintiff has asserted in the amended pleading in favor of tolling involve incidents and issues that Plaintiff encountered when he arrived at Attica C.F. and, thus, do not involve any of the named Defendants.[1]

Furthermore, Plaintiff's cursory allegations regarding an unspecified period of confinement to the "mental health unit" are unavailing. *See DeJesus*, 2006 WL 2792740, at *4. Plaintiff has not established that he suffered from a severe and complete inability to function or that he was so incapable of rational thought that he could not appreciate his situation and lacked the ability to understand what legal steps were necessary. Although Plaintiff summarily argues that he was confined to the mental health unit, there is no allegation that Plaintiff was diligently attempting to file a claim in this action during the applicable period. Plaintiff's arguments regarding his mental incapacity are further belied by the fact that, during the same period of time, Plaintiff filed legal documents in other actions. To wit, in November 2010, Plaintiff filed a Notice of Appeal in a case venued in the United States District Court for the Western District of New York entitled *Adam Bennefield v. Superintendent Robert Kirkpatrick, Wende Correctional Facility*, No. 06-CV-6104 (W.D.N.Y. Nov. 2010) (Dkt. No. 28).

Finally, with respect to his legal work and access to the law library, Plaintiff does not state when his legal papers were confiscated but asserts that they were confiscated after he was transferred to Attica C.F. in August 2010. Plaintiff's arguments are further unavailing because, although he did not have his "legal work" at "various stages" after his transfer from Auburn C.F. to Attica C.F., Plaintiff does not explain what his legal work was comprised of or how it was necessary for the filing of a claim. *See Ramos v. Racette,* No. 11-CV-1412, 2012 WL 12924, *13 (E.D.N.Y. June 4, 2012) (rejecting the

---

[1] Plaintiff's amended complaint does not assert any cause of action against any Attica C.F. employee.

plaintiff's argument that his transfer made him unable to research thoroughly because his legal work was packed in draft bags and the draft bags would not follow him or could not be found). Plaintiff's assertion that he was denied access to the library for a 14 to 21 days during a period of 3 ½ years is equally insufficient to toll the limitations period. *See Martinez,* 1999 WL 1565177, at *5 (collecting cases). Courts have refused to apply the doctrine of tolling due to difficulties accessing the prison's law library. *See Andolina v. Kenny*, No. 09-CV-379, 2010 WL 786302, *4 (N.D.N.Y. Mar. 3, 2010) (holding that there are various penological and cost-related reasons for limiting services and prisoners must plan accordingly or risk the possibility of making untimely legal filings). Even assuming Plaintiff's claims regarding his inability to access the library and perform legal research are true, Plaintiff has not sufficiently explained how he acted with reasonable diligence to overcome that circumstance.

Despite this liberal reading, for the reasons discussed above, a review of Plaintiff's amended complaint reveals that the amended complaint does not cure the deficiencies that the Court identified in his original complaint. Plaintiff's amended complaint lacks facts establishing that his action is timely and further is devoid of any reasonable explanation for his untimely filing. Moreover, Plaintiff has not demonstrated "extraordinary circumstances" that would compel this Court to apply the tolling doctrine.[2]

### III. CONCLUSION

After reviewing the entire file in this matter and the applicable law, and for the above-stated reasons, the Court hereby

---

[2] Plaintiff's amended complaint contains new facts, including a new claim relating to migraines and back pain, four separate "counts" and other allegations that he did not assert or address in his original complaint. However, as the Court is dismissing Plaintiff's claims as time-barred, the Court will not address these new allegations or facts.

**ORDERS** that Plaintiff's action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: October 27, 2014
       Syracuse, New York

                                            Frederick J. Scullin, Jr.
                                            Senior United States District Court Judge